UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PEREZ SANDOVAL,<br><br>　　　　Plaintiff<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 5:15-CV-01994-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Juan Perez Sandoval ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11, 12] and briefs addressing disputed issues in the case [Dkt. 18 ("Pltf.'s Br.") & Dkt. 21 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court remands the decision of the ALJ and orders that judgment be entered accordingly.

## II.　ADMINISTRATIVE DECISION UNDER REVIEW

In 2012, Plaintiff filed applications for DIB and SSI, alleging that he became

1  disabled as of September 16, 2009.  [Dkt. 15, Administrative Record ("AR") 18,
2  264, 275.]  The Commissioner denied his claims for benefits initially and upon
3  reconsideration.  [AR 18, 110-14, 120-23.]  On December 3, 2013, a hearing was
4  held before Administrative Law Judge ("ALJ") Alan J. Markiewicz.  [AR 38-64.]
5  On February 21, 2014, the ALJ issued a decision denying Plaintiff's requests for
6  benefits.  [AR 18-31.]

7  Applying the five-step sequential evaluation process, the ALJ found that
8  Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).
9  At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful
10 activity since the alleged onset date.  [AR 20.]  At step two, the ALJ found that
11 Plaintiff suffered from the following severe impairments:  disc disease of the
12 cervical spine, disc disease of the lumbar spine, and bilateral wrist sprain.  [*Id.*]  At
13 step three, the ALJ determined that Plaintiff did not have an impairment or
14 combination of impairments that meets or medically equals the severity of one of
15 the listed impairments.  [AR 23]; *see* 20 C.F.R. part 404, subpart P, appendix 1.
16 Next, the ALJ found that Plaintiff had the residual functional capacity (RFC) for
17 light work (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)) and was able to lift and/or
18 carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours
19 out of an 8-hour workday with regular breaks, sit for 6 hours out of an 8-hour
20 workday with regular breaks, frequently handle and finger bilaterally, and
21 occasionally reach overhead bilaterally.  [AR 24.]  At step four, the ALJ found that
22 Plaintiff was able to perform his past relevant work as a sander/buffer, as that job is
23 generally performed in the economy.  [AR 30.]  Therefore, the ALJ concluded
24 Plaintiff was not disabled.  [AR 30-31.]  The Appeals Council denied review.  [AR
25 1-3.]

### III.   GOVERNING STANDARD

27 Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to
28 determine if: (1) the Commissioner's findings are supported by substantial evidence;

and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). In addition, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch*, 400 F.3d at 679.

## IV. DISCUSSION

### A. Plaintiff's Claims

Plaintiff raises the following arguments: (1) the ALJ failed to consider significant medical evidence of record in support of Plaintiff's claim of disability; and (2) the ALJ's conclusion at step four of the sequential evaluation is not supported by substantial evidence. [Pltf.'s Br. at 3-9.] The Commissioner asserts that the ALJ's decision should be affirmed. [Def.'s Br. at 6-13.] Because the ALJ erred in failing to find Plaintiff's fibromyalgia to be a medically determinable impairment, remand is warranted. The Court therefore does not reach the remaining issues.

### B. Medically Determinable Impairment – Fibromyalgia

Plaintiff argues that the ALJ erred in concluding that fibromyalgia was not a medically determinable impairment. [Pltf.'s Br at 3-6.] A medically determinable impairment is one that results from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory

1   diagnostic techniques." 20 C.F.R. §§ 404.1508, 416.908.  In the context of
2   fibromyalgia, the Ninth Circuit has recognized that there are no objective findings to
3   establish the presence of the disease.  *See Benecke v. Barnhart*, 379 F.3d 587, 590
4   (9th Cir. 2004) (explaining that fibromyalgia "is diagnosed entirely on the basis of
5   patients' reports of pain and other symptoms" and "there are no laboratory tests to
6   confirm the diagnosis") (citation omitted).  A claimant can establish fibromyalgia as
7   a medically determinable impairment if a physician diagnosed fibromyalgia and the
8   claimant meets either the 1990 American College of Rheumatology (ACR) Criteria
9   for the Classification of Fibromyalgia or the 2010 ACR Preliminary Diagnostic
10  Criteria for fibromyalgia.  *See* SSR 12-2p, 2012 WL 3104869, at *2-3.  Under both
11  sets of diagnostic criteria, a finding that a claimant has a medically determinable
12  impairment of fibromyalgia requires a history of widespread pain in all quadrants of
13  the body and evidence that other disorders associated with symptoms or signs that
14  are the similar to those resulting from fibromyalgia have been ruled out.  *Id.*, at *3.
15  The 1990 ACR also requires a finding of at least 11 of 18 tender points above and
16  below the waist bilaterally.  *Id.*  Under the 2010 ACR, evidence of "[r]epeated
17  manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring
18  conditions," such as "fatigue, cognitive or memory problems ("fibro fog"), waking
19  unrefreshed, depression, anxiety disorder, or irritable bowel syndrome" is required.
20  *Id*.
21         In the decision, the ALJ acknowledged that the record contains references to
22  fibromyalgia as a possible cause of Plaintiff's complaints of whole body pain, but
23  concluded that the record contained no documented signs consistent with the ACR
24  diagnostic criteria, except for some noted abnormalities in the bilateral shoulders.
25  [AR 21.]  The ALJ's finding is not supported by substantial evidence.
26         The record contains evidence that Plaintiff has the medically determinable
27  impairment of fibromyalgia based on the 1990 ACR criteria.  Rheumatologist Dr.
28  Babak Zamiri first examined Plaintiff in April 2013.  [AR 558-60.]  He reported that

Plaintiff had suffered from joint pain for several years in multiple sites throughout his body, including the cervical, thoracic, and lumbar spine, shoulders, elbows, wrists, hands, fingers, hips, knees, ankles, feet, and toes. [AR 558.] He documented the presence of 16 of 18 tender points, noted some signs suggestive of an inflammatory process and abnormalities in Plaintiff's shoulders, hands/wrists, and knees, and diagnosed Plaintiff with "joint pain, multiple sites," "depression with anxiety," and "fibromyalgia." [AR 559-60.] With regard to the diagnosis of "joint pain, multiple sites," Dr. Zamiri stated that there was insufficient information to make a definitive diagnosis based on his current evaluation. [AR 559.] Therefore, Dr. Zamiri offered a differential diagnosis that included systemic lupus erythematosus, Reiter's arthritis, rheumatoid arthritis, fibromyalgia, and tendonitis. [*Id.*] He explained that he would be able to make a more definitive diagnosis if additional signs or symptoms manifested over time. [*Id.*] With regard to management of Plaintiff's fibromyalgia, Dr. Zamiri recommended better control of depression, stress, and anxiety, restful sleep, and regular aerobic exercise. [AR 560.] Dr. Zamiri prescribed medication, ordered a number of laboratory test and x-rays, recommended that Plaintiff return for a follow-up appointment in six weeks, and advised Plaintiff to see his primary care provider for further evaluation of his disability. [AR 559-60.]

In May 2013, Dr. Zamiri completed a second evaluation of Plaintiff. [AR 517-19.] He again noted Plaintiff's history of joint pain in multiple sites and the presence of 16 of 18 tender points. [AR 517-18.] After conducting a physical examination and reviewing Plaintiff's test results, Dr. Zamiri diagnosed Plaintiff with depression with anxiety, fibromyalgia, and chronic low back pain. [AR 518.] He reported that there was no evidence of synovitis to suggest an inflammatory process like rheumatoid arthritis. [*Id.*] He also noted the absence of any convincing criteria to support a diagnosis of systemic lupus erythematosus. [*Id.*] Dr. Zamiri recommended that Plaintiff follow up with his primary care provider for a referral to

a pain management group and further evaluation of his disability. [*Id.*]

In the decision, the ALJ stated that Dr. Zamiri found "there was not enough evidence to provide a diagnosis . . . ." [AR 28.] The ALJ's interpretation of Dr. Zamiri's opinion is inaccurate and incomplete. As noted above, Dr. Zamiri documented Plaintiff's history of widespread joint pain and specifically diagnosed Plaintiff with fibromyalgia in April 2013 and again in May 2013. [AR 517-18, 558-59.] While in April 2013, Dr. Zamiri offered a differential diagnosis of "joint pain, multiple sites" in addition to the diagnosis of fibromyalgia, in May 2013, he confirmed his diagnosis of fibromyalgia and essentially ruled out other conditions with similar symptoms, such as rheumatoid arthritis and systemic lupus erythematosus. [AR 518, 559.] Thus, the ALJ's suggestion that Dr. Zamiri never gave Plaintiff a diagnosis of fibromyalgia is not supported by the record. Further, the ALJ failed to discuss Dr. Zamiri's reports that Plaintiff had 16 of 18 tender points and his findings that other possible conditions which could have been related to Plaintiff's symptoms were excluded. [AR 518, 559]; *see* SSR 12-2p, 2012 WL 3104869, at *6, n. 7 ("examples of other disorders that may have symptoms or signs that are the same or similar to those resulting from [fibromyalgia] include rheumatologic disorders, myofacial pain syndrome, polymyalgia rheumatica"). Thus, the ALJ's consideration of Dr. Zamiri's opinion was error. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); 20 C.F.R. §§ 404.1527(e)(2)(ii) (The ALJ must consider all the medical evidence in the record and "explain in [his] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources."), 416.927(e)(2)(ii) (same).

The Commissioner argues that even if the ALJ erred in failing to accept Plaintiff's fibromyalgia diagnosis at step two of the sequential analysis, the error is harmless because there was no evidence of pain or limitations that were not already accounted for in Plaintiff's RFC. [Def.'s Br. at 9-10.] Specifically, the Commissioner asserts that the ALJ found that Plaintiff suffers from "disc disease of

1   the cervical and lumbar spine and bilateral wrist sprain," conditions associated with
2   symptoms of pain in multiple sites that have "no effective difference" from the
3   widespread pain associated with fibromyalgia. [Def.'s Br. at 9.] An error is
4   harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability
5   determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.
6   2006); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (An error is
7   harmless if "there remains substantial evidence supporting the ALJ's decision and
8   the error does not negate the validity of the ALJ's ultimate conclusion." ) (quoting
9   *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). An
10  ALJ's failure to consider an impairment "severe" at step two is harmless if the ALJ
11  considers all impairments - regardless of severity - in the subsequent steps of the
12  sequential analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding
13  step two error harmless as the ALJ specifically discussed Plaintiff's bursitis and its
14  effects when identifying the basis for limitations in Plaintiff's RFC). Fibromyalgia
15  may cause more symptoms than general complaints of pain, including pain at points
16  different than or in addition to those associated with the impairments the ALJ did
17  consider, *i.e.*, lumbar spine and wrist problems. *See* SSR 12-2p, 2012 WL 3104869,
18  at *3 (noting symptoms or co-occurring signs of fibromyalgia include
19  "manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking
20  unrefreshed, depression, anxiety disorder"). Thus, the ALJ's error was not
21  harmless.

## CONCLUSION

23      The decision of whether to remand for further proceedings or order an
24  immediate award of benefits is within the district court's discretion. *Harman v.*
25  *Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be
26  served by further administrative proceedings, or where the record has been fully
27  developed, it is appropriate to exercise this discretion to direct an immediate award
28  of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings

turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, the Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred by failing to consider all of the relevant medical evidence and find Plaintiff's fibromyalgia to be a medically determinable impairment. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at step two.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: September 15, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE